IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Dr. Walter C. Howard, ) | |
| ) | C/A No. 3:11-2214-MBS-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Allen University, Dr. Charles E. Young, ) | |
| and Dr. Pamela M. Wilson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Dr. Walter C. Howard formerly was employed by Defendant Allen University as Vice President for Academic Affairs and later was promoted to Senior Vice President for Professional Adults. Defendant Dr. Charles E. Young was President of Allen University. Defendant Dr. Pamela M. Wilson succeeded Dr. Young as Interim President in August 2010. Plaintiff filed the within action on August 22, 2011, alleging that he was retaliated against and discharged in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Plaintiff also asserts state law claims of defamation and civil conspiracy. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

This matter is before the court on motions to dismiss filed by Dr. Young and Dr. Wilson on September 26, 2011 (ECF Nos. 9, 10). Drs. Young and Dr. Wilson move to dismiss Plaintiff's defamation and civil conspiracy causes of action. Plaintiff filed a response in opposition to the motions to dismiss on October 24, 2011. Drs. Young and Wilson filed a joint reply to Plaintiff's

response on November 2, 2011.

Also on October 24, 2011, Plaintiff filed a motion to amend the complaint. The amended complaint asserted additional facts, and specified that the retaliation claim under Title VII (First Cause of Action) was pleaded against Allen University; that the defamation claim (Second Cause of Action) was pleaded against Drs. Young, Wilson, and Allen University; and that the civil conspiracy claim was pleaded against Drs. Young and Wilson (Third Cause of Action). Defendants filed a joint response in opposition to Plaintiff's motion to amend on November 10, 2011, to which Plaintiff filed a reply on November 21, 2011.

On February 27, 2012, the Magistrate Judge issued a Report and Recommendation in which she granted the motion to amend complaint. The Magistrate Judge based her analysis of the motions to dismiss on the amended complaint. With respect to the defamation claim, the Magistrate Judge found that the allegations of the amended complaint were sufficient to state a claim for false insinuation defamation and false statement defamation. The Magistrate Judge also found that sufficient facts were alleged to raise a question of whether the defense of qualified privilege, if it applies, had been abused. The Magistrate Judge also determined that Plaintiff had failed to establish special damages as required to state a claim for civil conspiracy. Accordingly, the Magistrate Judge recommended that the motions to dismiss be denied as to Plaintiff's defamation claim and granted as to Plaintiff's civil conspiracy claim. Drs. Young and Wilson filed objections to the Report and Recommendation on March 15, 2012, to which Plaintiff filed a response on April 2, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## I. FACTS

Plaintiff asserts that he provided leadership for a total faculty of forty, as well as thirty staff members, in the Academic Affairs and Student Affairs Departments through five administrators who reported directly to him. Plaintiff was responsible for an operating budget of $10 million, plus another $10 million in grant funds. Am. Compl., ECF No. 47, ¶ 8. After Plaintiff was promoted to Senior Vice President, he supervised three associate vice presidents and two staff members. He received a pay increase and oversaw a budget of $20 million, including grants. Id. ¶ 11.

According to Plaintiff, another former employee filed a charge against Allen University in October 2008, alleging that Dr. Young had sexually harassed her and retaliated against her. The employee was demoted and placed by Dr. Young under Plaintiff's direct supervision beginning in January 2009. Id. ¶¶ 12, 13. Plaintiff alleges that Dr. Young directed Plaintiff to assist him in retaliating against the employee by documenting her every move and creating a file on her so that she would resign her employment. Plaintiff asserts that he refused to participate in creating false documentation, and that Dr. Young threatened to strip Plaintiff of his authority and deny him funding for his department. Id. ¶ 14. Plaintiff alleges that over the next several months his staff and duties were reassigned, his department budget was eliminated, and he was directed to report to an office building where he was the only employee on the entire floor. Plaintiff alleges that he was placed in "exile" from June 2010 through his termination in December 2010. Id. ¶ 17.

Plaintiff alleges that Dr. Young was placed on administrative leave in August 2010, at which time Dr. Wilson assumed the interim presidency of Allen University. Plaintiff contends that Dr. Wilson conferred with Dr. Young regarding Plaintiff's employment during the time Dr. Young was on administrative leave. Id. ¶ 18. According to Plaintiff, Dr. Wilson further demoted him in October 2010 by removing him from the Senior Management Team and directing him to report to the Vice President for Academic Affairs. Id. ¶ 20. On December 1, 2010, Plaintiff and his counsel met with the human resources agent and counsel for Allen University to discuss Plaintiff's grievances. Id. ¶ 21. According to Plaintiff, he informed the attendees at the meeting that he had filed a Charge with the South Carolina Human Affairs Commission. Id. ¶ 22. On December 14, 2010, Plaintiff received a letter from Dr. Wilson terminating his employment. Id. ¶ 23. Plaintiff asserts that no reason has been articulated by Dr. Wilson or Allen University for his discharge. Id. ¶ 24. Plaintiff alleges that, in removing his job duties, budget, and staff to retaliate against him, Dr. Young false communicated to the Allen University community that Plaintiff was unfit for his position as Senior Vice President. Id. ¶ 34. Plaintiff asserts that Dr. Wilson further communicated Plaintiff's unfitness for his job by further demoting Plaintiff, having his name removed from the Allen University directory or organizational chart, and by terminating his employment without providing a reason for doing so. Id. ¶ 35. Plaintiff asserts that these actions false communicated and insinuated to the Allen University community that Plaintiff was incapable of or not satisfactorily performing his job. Id. Plaintiff further alleges that Dr. Young made verbal statements to senior staff at Allen University that Plaintiff lacked the integrity to be an effective senior administrator. Id. ¶ 36. Plaintiff contends that all of the communications and actions complained of were false, unnecessary, in bad faith, and made with actual malice and reckless disregard of their truth or falsity, as they were motivated primarily

by Plaintiff's refusal to participate in Dr. Young's retaliatory actions against his accuser. Id. ¶ 37.

## II. DISCUSSION

Drs. Young and Wilson move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (citing Twombly, 550 U.S. at 556). Although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the speculative level. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Iqbal, 556 U.S. at 679.

### Law/Analysis

A.    Defamation (Second Cause of Action)

Drs. Young and Wilson object to the Magistrate Judge's recommendation that their motions to dismiss be denied as to Plaintiff's defamation claim. The court disagrees.

A person makes a defamatory statement if the statement tends to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him. Fountain v. First Reliance Bank, 2012 WL 2847612, *2 (S.C. July 11, 2012)

(quoting Fleming v. Rose, 567 S.E.2d 857, 860 (S.C. 2002)). The tort of defamation therefore permits a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff. Id. (quoting Erickson v. Jones St. Publishers, L.L.C., 629 S.E.2d 653, 664 (2006)). A plaintiff must prove the following four elements to state a claim for defamation: (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Id. (quoting Erickson, 629 S.E.2d at 664).

    1.    False Insinuation Defamation.  Drs. Young and Wilson contend that the Magistrate Judge erred in finding that Plaintiff stated a claim for false insinuation defamation. According to Drs. Young and Wilson, the acts complained of by do not rise to the level of insinuating that Plaintiff was unfit for his position or that he had engaged in any misconduct. According to Drs. Young and Wilson, companies make personnel changes every day for any number of reasons, and to permit such acts to state a cause of action for defamation would make virtually all employment decisions open to litigation.

    To render the defamatory statement actionable, it is not necessary that the false charge be made in a direct, open and positive manner. A mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain. Id. (quoting Tyler v. Macks Stores of S.C., Inc., 272 S.E.2d 633, 634 (1980)). As the Magistrate Judge noted, Plaintiff rose from Vice President for Academic Affairs to Senior Vice President for Professional Adults. Both positions carried significant responsibilities. Accepting the facts pleaded by Plaintiff as true, the court agrees with the Magistrate Judge that third parties could have reasonably inferred that Plaintiff was stripped

6

of his job duties, budget, and staff, and Dr. Wilson terminated him, because he was unfit for his position. If indeed these actions were taken in retaliation for Plaintiff's refusal to participate in Dr. Young's alleged vendetta against a person who claimed sexual harassment, the insinuation was false. The court concludes that Plaintiff has stated a cause of action for false insinuation defamation.

2.  <u>False Statement Defamation</u>.  Drs. Young and Wilson contend that the Magistrate Judge erred in concluding that Plaintiff stated a cause of action for false statement defamation. According to Drs. Young and Wilson, the allegation that Dr. Young made "verbal statements to senior staff at Allen that Plaintiff lacked the integrity to be an effective senior administrator" does not meet the pleading standards of <u>Iqbal</u>. Drs. Young and Wilson further argue that the alleged statements constitute opinion, and not statements of fact, and thus are not actionable.

The court concludes that the allegation is sufficient to plead factual content that allows the court to draw the reasonable inference that Dr. Young is liable for the misconduct alleged, as required by <u>Twombly</u> and <u>Iqbal</u>. Accordingly, the court turns to the question of whether Dr. Young's alleged statements are actionable.

Slander, which is involved here, "'is actionable per se when the defendant's alleged defamatory statements charge the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession.'" <u>Fountain</u>, 2012 WL 2847612, *2 (quoting <u>Goodwin v. Kennedy</u>, 552 S.E.2d 319, 322–23 (S.C. Ct. App.2001)). The court agrees with the Magistrate Judge that a statement that one "lacks the integrity to be an effective senior administrator" implies an assertion of objective fact, i.e., that Plaintiff is unfit in his business or profession. As the Magistrate Judge noted, whether Plaintiff adequately performed his duties may

be measured by objective evidence. The court concludes that Plaintiff has stated a cause of action for false insinuation defamation.

       3.      Qualified Privilege. Drs. Young and Wilson contend that the Magistrate Judge erred in failing to find that any alleged defamatory acts and statements are protected by qualified privilege. Drs. Young and Wilson assert that Plaintiff has pleaded no facts indicating that any alleged defamatory acts or statements were not in the usual course of business or that they were not made in good faith.

A defendant may assert a qualified privilege if he makes a communication in good faith on any subject matter in which he has an interest or duty, if the communication is made to a person with a corresponding interest or duty, even though the communication contains matter that, without this qualified privilege, would be actionable. Murray v. Holnam, Inc., 542 S.E.2d 743, 749 (S.C. Ct. App. 2001) (citing cases). In order for a communication to be privileged, the person making it must be careful to go no further than his interests or his duties require. Id. (citing Fulton v. Atl. Coast Line R.R., 67 S.E.2d 425 (1951)). Where the speaker exceeds his privilege and the communication complained of goes beyond what the occasion demands that he should publish, and is unnecessarily defamatory of the plaintiff, he will not be protected. Id.

As the Magistrate Judge noted, Plaintiff alleges that the communications and actions described in the complaint were motivated primarily by Plaintiff's refusal to participate in Dr. Young's retaliatory actions against the person who accused him of sexual harassment. The court agrees with the Magistrate Judge that this allegation is sufficient to raise the question of whether the qualified privilege has been abused. Whether the publication went too far beyond what the occasion required, resulting in the loss of the qualified privilege, is a question for the jury. Id. (citing cases).

Drs. Young and Wilson's objections are without merit. Their motions to dismiss are denied as to the defamation cause of action.

B. Civil Conspiracy (Third Cause of Action)

No party objected to the Magistrate Judge's recommendation that Plaintiff's claim for civil conspiracy (Third Cause of Action) be dismissed. The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citing Vaught v. Waites, 387 S.E.2d 91, 95 (S.C. Ct. App.1989)). Because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action. Id. (citing Vaught, 387 S.E.2d at 95). The court discerns no clear error in the Magistrate Judge's determination that Plaintiff has failed to allege damages beyond the damages alleged in the defamation cause of action. The motions to dismiss are granted as to the civil conspiracy cause of action.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, the motions to dismiss of Drs. Young and Wilson (ECF Nos. 9, 10) are **denied** as to the Second Cause of Action for defamation,

and **granted** as to the Third Cause of Action for civil conspiracy.  The action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

August 21, 2012