IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dr. Walter C. Howard, | ) | C/A No.: 3:11-2214-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Allen University, Dr. Charles E. Young, | ) | |
| and Dr. Pamela M. Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this employment discrimination case, plaintiff Walter C. Howard ("Plaintiff") is suing his former employer Allen University ("Allen") and two Allen employees, Dr. Charles E. Young ("Dr. Young") and Dr. Pamela M. Wilson ("Dr. Wilson"), in their individual capacities (collectively "Defendants"). Plaintiff alleges a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and a defamation claim under South Carolina law. All pretrial proceedings were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g).

This matter comes before the court on Plaintiff's motion to file under seal one exhibit attached to his response to Defendants' motion for summary judgment. [Entry #83]. The court has reviewed the brief submitted on this matter and notes that Defendants consent to the motion. In accordance with *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary

basis.  Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until August 12, 2013.  If in the interim period any interested party wishes to object to the permanent sealing of the document at issue, that party may file a notice of appearance and state its objections.  In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties.  Should no objections be filed by August 12, 2013, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this employment case, as counsel for Plaintiff represented that the document at issue contains sensitive and confidential excerpts of Allen's financial statements.  The court has independently reviewed the document in camera and concludes that the document does not lend itself to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives.  The records contain confidential financial information that would damage Allen if disclosed.  The court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to this document. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006).  The confidential and sensitive nature of the financial information in the document at issue requires that the document be sealed. Therefore, the court grants the motion to seal [Entry #83] in accordance with the

limitations stated herein.

    IT IS SO ORDERED.

*Shiva V. Hodges*

July 11, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3